UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CULLAN F. MEATHE, individually and
as a shareholder in the right of Metro
Group Holding Company, Inc., a Michigan
Corporation, and its subsidiaries,                          Case No. 11-11470
Metro Cars, Inc., n/k/a MC Cars, Inc., a
Michigan corporation, Metro Transportation,
LLC, n/k/a/ MT Transportation, LLC, a                       HON. AVERN COHN
Michigan limited liability company, Metro
Coach, LLC, a Michigan limited liability
company, and YELLOW CAB SERVICE
CORPORATION OF FLORIDA, INC., a
Florida corporation,

      Plaintiffs,

v.

DANIEL RET, GREGORY EATON,
GREAT LAKES TRANSPORTATION
HOLDING, LLC, a Michigan limited liability
company, GARY SAKWA, GRAND/SAKWA
HOLDING, LLC, a Michigan limited liability
company, METRO CARS OF GRAND
RAPIDS, LLC, a Michigan limited liability
Company, METRO GROUP HOLDING
COMPANY, INC., a Michigan corporation, MC
CARS, Inc., f/k/a/ Metro Cars, Inc., a Michigan
corporation, MT TRANSPORTATION, LLC, f/k/a
Metro Transportation, LLC, a Michigan limited
liability company, and METRO COACH, LLC, a
Michigan limited liability company,

      Defendants.
_____/

## MEMORANDUM AND ORDER DENYING SANCTIONS

**I.**

This is a breach of contract and fiduciary duty case.  The case is a companion to *Great Lakes Transportation Holding, LLC v. Yellow Cab Service Corporation of Florida, Inc., et al.* (Case No. 12-10497).  *See* 2013 WL 5799951 (Memorandum and Order Denying Plaintiff's Renewed Motion For Judgment As A Matter Of Law).

On October 11, 2012, the Court granted summary judgment to defendants and denied plaintiffs' motion to amend the complaint.  *See Meathe v. Ret*, 903 F. Supp. 2d 507 (E.D. Mich. 2012).  Plaintiffs appealed.  Defendants cross-appealed insofar as the Court failed to address their request for sanctions under 28 U.S.C. § 1927, a request that showed up in two pages of defendants' response in opposition to plaintiffs' motion to amend.

The Sixth Circuit affirmed the Court's decision granting summary judgment to defendants and denying plaintiffs' motion to amend the complaint.  *Meathe v. Ret*, ___ F. App'x ___, 2013 WL 5815570, at *3 (6th Cir. 2013).  However, on the cross-appeal, the Sixth Circuit vacated the dismissal and remanded the case for further consideration of defendants' request for sanctions under 28 U.S.C. §1927, because the "issue of sanctions [was] close and the district court [failed] to address the issue."  *Id.* at *7.

**II.**

The request for sanctions was first put to the Court in Defendants' Response In Opposition To Plaintiffs' Motion For Leave To File Amended Complaint (Doc. 65), filed June 20, 2012.  Earlier, on March 13, 2012, defendants filed a motion for summary judgment (Doc. 34).  The brief in support ran 50 pages, and raised 12 issues.  It was accompanied by a Statement Of Material Facts (Doc. 35), which ran 62 paragraphs, and was accompanied by 27 exhibits.  No mention of sanctions was made in defendants' motion

papers.  On June 06, 2012, while the motion for summary judgment was pending, plaintiffs

filed a Motion For Leave To File An Amended Complaint (Doc. 59).   The proposed

amended complaint added nothing of substance to plaintiffs' complaint.  On June 20, 2012,

defendants filed a response in opposition to plaintiffs' motion for leave to file an amended

complaint (Doc. 65).   The Statement of Issue in the response reads:

> Whether plaintiffs' motion for leave to file an amended complaint should be denied where (i) the proposed amended complaint is futile; (ii) plaintiffs' filing stems from dilatory conduct and undue delay in a bad faith attempt to further prolong adjudication of this case and avoid summary judgment, (iii) the facts on which the amendment is based were known at the time this case was initially filed; and (iv) defendants are entitled to sanctions under 28 U.S.C. §1927 or alternatively to a substantial bond for costs.

The Statement is followed by 16 pages of argument divided into six (6) parts.  Part

V is titled

PLAINTIFFS' COUNSEL SHOULD BE SANCTIONED FOR THEIR UNREASONABLE AND VEXATIOUS MULTIPLICATION OF LITIGATION.

This section follows up with one (1) page of legal argument and one (1) page of a

generalized conclusionary discussion of the lack of merit in plaintiffs' case. The discussion

of misconduct is directed at "plaintiffs," and concludes:

> In sum, plaintiffs and their counsel filed and unreasonably continued to pursue this case for purposes of obstruction and delay when it should have been clear all along that the claims lack merit.  This conduct falls well short of an attorney's obligations to members of the bar and to this Court, and constitutes a blatant violation of section 1927.  Defendants have incurred over seven figures in legal fees as a result of these machinations.  Accordingly, in addition to denying leave to amend, this Court should award defendants the full amount of their fees and costs as a sanction for this vexatious conduct.

No particular lawyer is identified as violating § 1927.

3

The Court heard oral argument on the summary judgment motion and the motion to amend on October 03, 2012, as well as a motion for summary judgment in the companion case (Doc. 76).  At the beginning of the oral argument the Court engaged in a colloquy with the lawyers to identify the matters to be argued.  A portion of the colloquy reads:

> THE COURT:  Okay.  In that case there are two motions pending.  One is a summary judgment motion by defendants asking that the case be dismissed on the grounds there's no genuine issue of material fact over -- involved in that acquisition, that it was lawful and proper.  Is that correct?
>
> MR. DAMREN [defendants' counsel]:  Yes, Your Honor.
>
> THE COURT:   And there is a motion to amend the complaint by the plaintiff[s].
>
> MR. GARCIA [plaintiffs' counsel]:  Correct, Your Honor.

The transcript runs 48 pages.  Defendants' request for sanctions was not mentioned.

On October 11, 2012, the Court entered its Order Denying Plaintiffs' Motion To Amend (Doc. 59) And Granting Defendants' Motion For Summary Judgment (Doc. 34).  *See* (Doc. 68).

On November 11, 2012, plaintiffs appealed (Doc. 70).

On November 16, 2012, defendants cross-appealed, "to the extent that [the Court] failed to grant defendants' request for sanctions under 28 USC §1927" (Doc. 73).

On November 30, 2012, defendants filed Defendants' Motion To Require Plaintiffs To File A Bond To Ensure Payment Of Costs On Appeal (Doc. 75), accompanied by a 12 page brief and four (4) exhibits, arguing in part, "the plaintiffs have shown bad faith and vexatious conduct."  No mention is made of the request for sanctions, or the Court's failure

to act on the request. On December 07, 2012, the Court denied the request (Doc.. 78),

stating in part:

> . . .defendants have not shown bad faith or vexatious conduct. Defendants rely on the Court's ruling in its favor to say plaintiffs acted in bad faith. The Court declines to draw such an inference. Further, defendants have filed a cross appeal that is of questionable merit.[1]

———

[1] Defendants cross-appealed this Court's order insofar as it did not grant sanctions against plaintiffs. However, defendants never filed a separate motion for sanctions.

Defendants' Civil Appeal Statement Of Parties And Issues in the Sixth Circuit filed

December 03, 2012, reads:

> Please Identify the Parties Against Whom this Appeal is Being Taken and the Specific Issues You Propose to Raise:
>
> > This cross-appeal is being taken against Plaintiffs/Appellants/Cross-Appellees Cullan F. Meathe and Yellow Cab Service Corporation of Florida. The specific issue that Defendants/Appellants/Cross-Appellants assert was error is the District Court's failure to grant their request for sanctions under 28 U.S.C. §1927.

**III.**

28 USC §1927 reads:

> Any attorney. . .who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

An award of sanctions under § 1927 must be directed to a particular lawyer. *BDT*

*Prods., Inc. v. Lexmark Int'l, Inc.,* 602 F3d 742, 749 (6th Cir. 2010). Indeed, the Sixth

Circuit has explained that "§1927 does not authorize the imposition of sanctions on a

represented party, nor does it authorize the imposition of sanctions on a law firm." *Id.* at

750 (quoting *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 n.6 (6th Cir. 2009)

(internal quotation marks omitted)).

**IV.**

The Court has some difficulty deciding how it should have considered the request

for §1927 sanctions, since it was raised in response to a motion to amend.  Squire-Sanders

*Sixth Circuit Appellate Blog,* in discussing the Sixth Circuit's decision notes:

> It will be interesting to see whether this case has any lasting impact on the practice
> of sanctions, but it does seem it places a burden on the district court to address
> such argument even if they are not formally raised by motion.

*See* Carlee Toth, *Sixth Circuit Holds That Requests For Sanctions Under 28 U.S.C. § 1927*

*Do Not Require Separate Motion*, http://www.sixthcircuitappellateblog.com/recent-

cases/sixth-circuit-holds-that-requests-for-sanctions-under-28-u-s-c-%c2%a7-1927-do-n

ot-require-separate-motion/.

The Court is also constrained to say that it has some disagreement with the Sixth

Circuit's observation that "the issue of sanctions [was] close."  As to the substantive

question of whether sanctions should be imposed under §1927, the Court must consider

whether a lawyer knows or reasonably should have known that the claim being pursued is

frivolous.  The statute requires "a showing of something less than subjective bad faith, but

something more than negligence or incompetence." *Hall v. Liberty Life Assurance Co. of*

*Boston*, 595 F.3d 270, 274 (6th Cir. 2010).  As the Sixth Circuit has explained, "[s]imple

inadvertence or negligence that frustrates the trial judge will not support a sanction under

§1927." *Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001) (citation omitted). Indeed:

> "There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party."  "A sanction is generally improper where a successful motion could have avoided any additional legal expenses by defendants.

*Id.* (internal citations omitted).

The Court, in denying defendants' request for a bond from plaintiffs on their appeal, observed that the defendants have not shown bad faith or vexatious conduct on the part of plaintiffs.  The Court's scepticism of plaintiffs' case, while evidencing the trial judge's frustration, does not rise to the level of sanctionable conduct under § 1927.  Plaintiffs' lawyers zealously advocated for plaintiffs' cause.  Ultimately, plaintiffs failed to establish a genuine issue of material fact that Meathe was harmed individually rather than as a shareholder of Metro Cars, Inc. and, therefore, the claims were dismissed.  However, there was no mention or argument that the very filing of plaintiffs' action was sanctionable under § 1927 until after plaintiffs filed a motion to amend.  Defendants did not make any mention of sanctions in the motion for summary judgment.  Thus, to the extent that plaintiffs' lawyers multiplied the proceedings, which the Court disagrees that they did, some blame must be passed on to defendants' lawyers for prolonging the proceedings before bringing the sanctions issue to the Court's attention.

Be all that as it may, defendants' request for sanctions is fatally flawed; a request for sanctions must be directed to a particular lawyer's conduct, and not directed to a party

or a law firm.  Here, as explained above, defendants' claim for sanctions was directed to conduct of the plaintiffs.  For example, in Part V of their brief (Doc. 65, p. 13), defendants say:

> Plaintiffs' vexatiously multiplicative litigation tactics began with the filing of this case.  Even then, plaintiffs knew or should have known. . .[etc]

and go on in a like vein referring to conduct of plaintiffs.  Defendants failed to request sanctions against any one of plaintiffs' particular lawyers.

Joseph, *Sanctions: The Federal Law of Litigation Abuse*, §20 (History and Purpose of §1927) says:

> Section 1927 is a penal statute that was enacted to deter unnecessary delay in litigation by requiring attorneys to satisfy personally excess costs attributable to their misconduct.

It follows, then, that in order for sanctions to be awarded under § 1927, an individual lawyer must be identified as having unreasonably and vexatiously multiplied the proceedings.  This makes sense because, as the Sixth Circuit has recognized, due process requires that prior to sanctioning a lawyer, the lawyer "must be given notice and an opportunity to be heard." *Cook v. Am. S.S. Co.*, 134 F.3d 771, 774 (6th Cir. 1998) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)).  Defendants' failure to personally identify a lawyer that should be sanctioned in this case does not put any one of plaintiffs' lawyers on notice and is fatal to defendants' request for sanctions.

**V.**

Having given consideration to the Sixth Circuit's directive to consider the request for

sanctions under 28 USC §1927, the request is DENIED.

SO ORDERED.

s/Avern Cohn

UNITED STATES DISTRICT JUDGE

Dated:  November 25, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 25, 2013, by electronic and/or ordinary mail.

s/Carol Bethel for Sakne Chami

Case Manager, (313) 234-5160